GEORGE W. EGBERT, SUCCESSOR TO GEORGE A. BRODERICK, SUPERINTENDENT OF BANKS, STATE OF NEW YORK, PLAINTIFF, v. BENJAMIN ABRAMS ET AL., DEFENDANTS.

Decided October 3, 1935.

For the plaintiff, *McDermott, Enright & Carpenter* (by *Carl S. Kuebler*).

For the defendant Samuel Raff, *David Smith.*

For the defendants Bernard J. O'Brien, James A. O'Brien, Joseph J. Weinberger and Sarah W. Weinberger, *Weinberger & Weinberger* (by *Joseph J. Weinberger*).

For the defendants John U. Kirk and Alcibiades C. Psiaki, *Thomas S. Doughty.*

For the defendants Joseph Okin and Hugo Aderer, *Marder & Okin* (by *Aaron Marder*).

For the defendant Elsie Lissner, *Harold Farkas.*

PORTER, S. C. C.   The motion in the above matter is to strike answers of certain defendants and demands for bills of particulars of certain other defendants.   The suit is brought by the superintendent of banks of the State of New York against some five hundred and fifty-seven New Jersey

stockholders of the Bank of the United States, a New York corporation, to recover assessments made against them by the said plaintiff made by him in pursuance with the authority vested in him under the statute of New York.

The Supreme Court of this state granted a motion to strike the complaint in pursuance with the provisions of section 94B of the Corporation act, holding that the above act was a bar to an action at law in this state against the stockholders of a New York corporation. *Broderick* v. *Abrams,* 112 *N. J. L.* 309; 170 *Atl. Rep.* 214. This decision was affirmed by the Court of Errors and Appeals (113 *N. J. L.* 305; 174 *Atl. Rep.* 507) on the opinion of Mr. Justice Parker below.

The matter was taken to the Supreme Court of the United States where it was held (*Broderick* v. *Rosner,* 55 *Sup. Ct. Rep.* 1656), in an opinion by Mr. Justice Brandeis, that the provision of the Corporation act of this state above stated was invalid because it violated the full faith and credit clause of the federal constitution.

The answers under consideration set up various defenses under the Corporation act which have been disposed of by *Broderick* v. *Rosner, supra.* The remaining defenses relied upon are generally attacking the action of the banking superintendent in making the assessment, denying his having any power or jurisdiction over these defendants not resident in New York and not being parties to the proceedings in that state. Affirmative defenses are that there was no occasion for the assessments because the bank was in fact solvent.

Section 80 of the New York Banking law provides that after the superintendent "* * * has determined from his examination of its affairs that the reasonable value of the assets of such corporation is not sufficient to pay its creditors in full, he may enforce individual liability of such stockholders." Further provisions provide that, after he has so determined, he shall file a certificate making an assessment and making a demand on the stockholders, and further provides that, in the event of such stockholders failing to pay the assessments, "the superintendent shall have a cause of action in his own name as superintendent of banks against such stockholder either severally or jointly with other stock-

holders of such corporation for the amount of such unpaid assessment or assessments, together with interest thereon from the date when such assessment was, by the terms of said notice, due and payable."

In *Broderick* v. *Adamson,* 148 *N. Y. Misc.* 353; 265 *N. Y. Supp.* 804, an action was brought by the superintendent of banks against the stockholders of the bank of the United States, resident in New York, in which case the solvency of the bank was inquired into. Evidence of the value of the assets was offered on behalf of the defendants for the purpose of contradicting the determination of the superintendent that the assessment was necessary. An independent audit, it develops, was made by the said defendants of the assets of the bank for that purpose. Mr. Justice Lydon in that case held that the certificate of the superintendent issued in pursuance with the statute was "in the absence of a showing of fraud, illegality, bad faith, or obvious error" conclusive evidence of the facts therein stated. He further said, "that there is neither logic nor reason in the principle that the certificate of the superintendent may be overthrown upon the basis of mere difference of opinion between the superintendent and the experts and witnesses of the defendant in relation to reasonable values. The determination of the superintendent is essentially and peculiarly an administrative act raised upon the exercise of sound business judgment and discretion."

"If not infected with bad faith or obvious error or violative of any fixed legal principle, it should not be subject to attack upon the theory that the preponderance of evidence, in the opinion of the triers of the facts, indicates that the values as fixed by the superintendent are merely erroneous. Liquidation presupposes the prompt and speedy conversion of assets to cash in the interest of creditors and the right to enforce and collect the assessment should not be subject to defeat by the mere balancing of the opposing opinions and views of expert witnesses upon the questions of reasonable values. If it should ultimately appear that the assessment was unnecessary, in whole or in part, the stockholders are entitled to share in any remaining surplus. As between the stockholder and the creditor, it is the convenience of the latter that is

preferred by the courts." See, also, *Broderick* v. *Aaron,* 151 *Misc.* 516; 272 *N. Y. Supp.* 219.

This theory of the law was affirmed by the United States Circuit Court of Appeals in *Broderick* v. *American General Corp. et al.,* 71 *Fed. Rep.* (2d) 864.

The plaintiff cites as analogous a long line of decisions holding, in the case of the United States national banks, that the action of the comptroller of the currency in closing banks is conclusive, except there be fraud and so forth shown. The only decision cited contrary to the above by the defendants in the case at bar is the case of *Broderick* v. *McGuire,* 119 *Conn.* 83. The better rule seems to be contrary to the last case, which, therefore, should not be followed.

The question of the effect of the superintendent of banking in making the assessment was discussed but not decided in *Broderick* v. *Rosner, supra.* From a reading of that decision it seems clear, however, that the ruling, were that question an issue, would be that the action of the superintendent was effective and conclusive except for fraud, bad faith, &c. As to the superintendent having jurisdiction, this pertinent language was used in the said case:

"In respect to the determination of liability for an assess-. ment, the New Jersey stockholders submitted themselves to the jurisdiction of New York, for the act of becoming a member of a corporation is something more than a contract. It is entering into a complex and abiding relation, and, as marriage looks to domicile, membership looks to a member governed by the state granting the incorporation."

It seems to me that the only defenses, therefore, that might properly be set up in this suit are such personal defenses as not being the owners of the stock in question, and fraud, bad faith, &c., on the part of the superintendent of banking. In none of the answers before me are there any such defenses.

In view of these conclusions, I am of the opinion that the answers do not interpose any valid defenses and should be struck. The demands for particulars are improper and will be struck, not being material in view of these findings.